Essex County Circuit Court.

MINNIE APFELBAUM AND ALICE LAWSON, ADMINISTRA-
TRICES OF THE ESTATE OF JOHN P. JOHNSON, PLAIN-
TIFFS, v. THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA, A CORPORATION, DEFENDANT.

Decided July 2, 1932.

For the plaintiffs, *Jacob Mellinger.*

For the defendant, *Perkins, Drewen & Nugent (John P.
Nugent, Jr.,* of counsel).

PORTER, C. C. J. The motion is to strike out the answer
and for judgment, on the ground that the defense is frivolous
and sham.

The suit is to recover money claimed to be due under two
life insurance contracts between John P. Johnson and the
Prudential Insurance Company, defendant.

At the argument on this motion it was stated the facts
were as follows: That John P. Johnson has been missing
since June 10th, 1921. That pursuant to chapter 275,
*Pamph. L.* 1927, a petition was filed with the surrogate of
Hudson county for an order to show cause why Johnson

should not be declared dead. That the surrogate made an order that the defendant be notified of the pendency of said proceedings so that it might be heard, the petition reciting the fact of the existence of the insurance policies on the life of Johnson issued by the defendant. That the defendant entered an appearance in said proceedings. That no proof being submitted to the surrogate why the prayer of the petition should not be granted he issued a decree declaring Johnson to be dead.

Letters of administration were later issued to the plaintiffs and a demand was made on the attorneys for the defendant that payment be made under the terms of the policies of insurance on Johnson's life. The payments not being made by the defendant, this suit was instituted setting up generally these facts.

The answer admits that the premiums due under the policies have been paid, but denies that any money is due under the terms of the policies, and further sets up separate defenses—that Johnson is alive and that due proof of death has not been received as required under the policies.

It is contended by the plaintiffs that these defenses are frivolous and insufficient in law because the death of Johnson has been established by the decree of the surrogate. It is argued by the plaintiffs that the defendant, having appeared in that proceeding, is barred from raising the question of Johnson's death, because that question is *res adjudicata;* and, furthermore, that the separate defenses are a collateral attack upon the decree of the surrogate.

I think there is no merit in the contentions of the plaintiffs. The decree of the surrogate does not adjudicate Johnson to be dead but simply finds a presumption that he is dead. The defendant seeks to overcome this presumption. It does not attack the decree collaterally or otherwise.

In seeking to overcome this presumption of death, the defendant may do so without an attack on the decree of the surrogate. The defendant may not disagree at all with the decree. It simply desires to overcome the presumption thus decreed.

If in fact the defendant can prove that Johnson is alive, certainly that will overcome the presumption of death and defeat the plaintiff's action in this suit. The death of the insured is, of course, a prerequisite to recovery.

While many decisions in various states support this view, reference need only be made to one which it seems to me settles the law and is controlling. In *Scott* v. *McNeal,* 154 *U. S.* 34, there was a decree of presumptive death of Scott, and an administrator was appointed. Scott was not in fact dead, and returned and brought an ejectment suit against McNeal who had acquired Scott's property from the administrator. The Supreme Court of the United States held that proof, under proper pleadings, even in a collateral suit, that Scott was alive controls and overthrows the *prima facie* evidence of his death.

Having reached this conclusion, it follows that the defense that due proof of death has not been received by the defendant is also proper.

The motion to strike out the answer is denied.